UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80199-CIV-COHN/WHITE

ALEXANDER PERKINS,

    Petitioner,

v.

KENNETH TUCKER,

    Respondent.

_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendations [DE 18] of Magistrate Judge Patrick A. White to Petitioner Alexander Perkins' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] ("Application"). The Court has reviewed *de novo* the Application, Magistrate's Report and Recommendations ("Report"), Petitioner's Objections to Report of Magistrate Judge [DE 19] ("Objections"), the record in the case, and is otherwise advised in the premises.

### I. BACKGROUND

Petitioner was charged with robbery of a firearm and being a felon in possession of a firearm. Report at 2.[1] The robbery and felon in possession offenses were severed pretrial. Id. Petitioner was found guilty of the robbery offense by a jury at trial and pled guilty to the felon in possession offense. Id. At sentencing for the robbery offense, Petitioner was adjudicated a three-time violent offender and sentenced to life in prison.

---

[1] Petitioner does not object to Judge White's recitation of the procedural history of his case. See generally Objections.

Id. at 3.  Petitioner's convictions were affirmed on appeal.  Id.  Petitioner also filed two motions for post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.850 which were both denied.  Id. at 4-5.  Petitioner timely filed the instant Application pursuant to 28 U.S.C. § 2254 on February 21, 2012.  Judge White recommends dismissal of the Application.  For the reasons discussed below, the Court agrees and will overrule Petitioner's objections.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, the standard of review of a final state habeas judgment "is greatly circumscribed and deferential to the state courts." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007) (internal quotations and citations omitted).  A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner first objects to Judge White's statement that his claims were "adjudicated on the merits by the State courts."  Objections at 2.  Petitioner states that a *per curiam* affirmance of his conviction was "no finding at all," id., and that he is entitled to a *de novo* review of his claims.  Id. at 3.  The Court disagrees with Petitioner's argument.  The Eleventh Circuit has held that "a state court's summary rejection of a

claim qualifies as an adjudication on the merits under § 2254(d) so as to warrant deference." Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).[2]  In any event, the Court notes that Judge White applied "heightened review" to his analysis of Petitioner's claims so that this argument, although legally incorrect, is moot.  See Report at 19.

Petitioner objects to Judge White's finding that the trial court erred in failing to instruct the jury on his alibi defense and that his counsel was not ineffective for failing to object or to request an alibi defense instruction.  See Objections at 5-12; Report at 26-27.  Petitioner first argues that his rights were violated because the weight of the evidence used to convict him "was not overwhelming."  Objections at 6.  Petitioner also argues that, without the victim's in court identification of him, "the outcome of the trial would have been different."  Id. at 7.  Finally, Petitioner contends that the trial court's failure to give the alibi defense entitled him to a new trial.  Id. at 8.

In order to prevail on an ineffective assistance of counsel claim, a party must establish that (1) his counsel's performance was deficient and (2) that he suffered prejudice as a result of that deficient performance.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In his Report, Judge White notes that the issue of whether Petitioner's trial counsel was ineffective for failing to request an alibi defense instruction

---

[2]  The case cited by Petitioner in support of this argument, Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d 1289, 1297 (M.D. Fla. 2011), a district court case from the Middle District of Florida, does not trump established Eleventh Circuit precedent.  Indeed, another recent decision from the Middle District of Florida held that *per curiam* affirmances "warrant deference under Section 2254(d) (1)."  Spivey v. Sec'y Dep't of Corr., No. 8:08–cv–2235–T–23EAJ, 2012 WL 3252820, at *2 (M.D. Fla. Aug. 7, 2012).

was raised in a Rule 3.850 motion, denied for failure to satisfy Strickland's prejudice prong, and *per curiam* affirmed on appeal.  Report at 22.  Judge White agreed with the state courts that Petitioner failed to establish Strickland's prejudice prong because "the court's charge when viewed as a whole correctly stated the issues and law and was adequate."  Id. at 23-24.  The Court agrees.  The record reflects that the jury was instructed regarding the presumption of innocence and burden of proof in a criminal case and that the state was required to prove Petitioner's guilt beyond a reasonable doubt.  Report at 24 (citing Trial Transcript [DE 26-3] at 543-58).  The Court also notes that Petitioner raised this exact same issue in a Rule 3.850 motion.  Petitioner's arguments that the evidence used to convict him was not overwhelming and that he is entitled to a new trial are conclusory and not supported by either the law or the facts of his case.[3]  Because the decision of the state court was not "an unreasonable application of, clearly established Federal law," Petitioner is not entitled to habeas relief.  See 28 U.S.C. § 2254(d).

Petitioner also argues that he is entitled to relief because the trial court failed to *sua sponte* include an alibi defense in its jury instructions.  The Court agrees with Judge

---

[3] For example, Petitioner relies upon United States v. Hicks, 748 F.2d 854, 858 (4th Cir. 1984) for the proposition that he was entitled to a new trial when the jury was not instructed on the alibi defense.  In Hicks, however, the issue was not whether counsel was ineffective in requesting an alibi defense instruction, but rather whether the defendant was entitled to a new trial when the Defendant requested an alibi defense and the court refused to give it.  748 F.2d at 858.  United States v. Barrasso, 267 F.2d 908 (3d Cir. 1959), is similarly inapposite because it involved a court which refused to give to instruct the jury on an alibi defense that the defendant requested.  Accordingly, the Court finds that Judge White's Report is not in conflict with the case law Petitioner cites.

White's finding that because this identical claim was raised and rejected by the appellate court on direct appeal, Petitioner is not entitled to relief in a § 2254 petition. See Report at 26.

Judge White also concluded that the trial court did not err in failing to hold a full Richardson hearing when the prosecution did not alert Petitioner that a witness had identified him as a suspect. Report at 27-33; Objections at 14-22. Petitioner first objects to Judge White's finding that his Richardson claim is unexhausted and procedurally barred. See Report at 28. Petitioner relies on Martinez v. Ryan, 132 S. Ct. 1309 (2012), for the proposition that a procedural bar does not apply to his Richardson claim. Objections at 14. Petitioner has misinterpreted Martinez. As one district court has recently held, "the Martinez holding only allows *ineffective assistance* of post-conviction counsel as a means to show cause for procedurally defaulting a claim of ineffective assistance of trial counsel because otherwise, such a claim would never be reviewed by any court." Kleihauer v. Denney, No. 12–0509–CV–W–BP–P, 2012 WL 3111895, at *4 n.2 (W.D. Mo. July 31, 2012) (emphasis added).[4] Petitioner's

---

[4] As the Fifth Circuit has recently held:

Martinez, by its terms, applies only to ineffective-assistance-of-trial-counsel claims. Martinez, 132 S. Ct. at 1311-12. Martinez is also limited, again by its own express terms, to "initial-review collateral proceedings," which it defines as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. at 1315. Other courts have rejected entreaties to expand Martinez, and we do the same. See, e.g., Arnold v. Dormire, 675 F.3d 1082 (8th Cir. Apr. 3, 2012) (declining to extend Martinez to claims of ineffective assistance in appeals from initial-review collateral proceedings); Hunton v. Sinclair, 2012 WL 1409608, at *1 (E.D. Wash. Apr. 23, 2012) (declining to extend Martinez to Brady claims); Sherman v. Baker, 2012 WL 993419, at *18 (D. Nev. Mar. 23, 2012) (declining to extend Martinez beyond ineffectiveness claims).

5

Richardson claim charges that the trial court, not counsel, erred by failing to hold a full Richardson hearing, thus violating Petitioner's due process rights. Application at 16. Because this claim is not an ineffective assistance of counsel claim, Martinez is inapplicable. Thus, the Court agrees with Judge White's finding that Petitioner has failed to establish cause or prejudice arising from this defaulted claim. See Report at 28.

Petitioner next argues that his Richardson claim raises due process issues which may be considered in a § 2254 proceeding. Objections at 15-17. The Court disagrees. As Judge White notes, Petitioner essentially seeks that the Court "overturn a state court's evidentiary ruling." Report at 29. Moreover, the trial transcript reflects that a Richardson inquiry did take place and that the Court granted a brief continuance so that the defense could prepare a cross examination of the witness, Rodmodico Rodriguez. Report at 30 (citing Trial Transcript [DE 16-2] at 265-84). Petitioner argues that because the witness, Mr. Rodriguez, had seen him at other pre-trial hearings, this indicates that the witness perjured himself at trial. Objections at 19. This contention is conclusory. During the Richardson inquiry, this exact argument was raised by defense counsel and the Court determined that Mr. Rodriguez was never put on the witness stand to formally identify the Petitioner. Trial Transcript [DE 16-2] at 268. Additionally, the trial court judge concluded that Mr. Rodriguez's identification was credible and based on Mr. Rodriguez's independent recollection. Id. at 278-80. Thus, the Court agrees with Judge White that no Richardson violation occurred. See Report at 31.

---

Ibarra v. Thaler, –F.3d –, No. 11–70031, 2012 WL 2620520, at *1 (5th Cir. June 28, 2012).

Finally, Petitioner also argues that "[w]ithout Rodriguez' [sic] changed and perjured 'last-minute in-court identification' of Perkins, the Petitioner would have been acquitted."  Objections at 21.  This contention is entirely conclusory and ignores the fact that Petitioner was also identified by his co-defendant, Verdugo.[5]  Given the other evidence introduced against Petitioner at trial, there is no basis for the Court to credit Petitioner's argument that Mr. Rodriguez's testimony was the sole reason for his conviction.  See Objections at 22; see also Tejada v. Dugger, 941 F.2d 1551, 1559-60 (11th Cir.1991) (petitioner is not entitled to evidentiary hearing in habeas corpus proceeding under 28 U.S.C. § 2254 when he only makes conclusory allegations in his petition).[6]  Thus, the Court will overrule Petitioner's objections and adopt Judge White's Report.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendations [DE 18] is hereby **ADOPTED**;

2. Petitioner's Objections [DE 19] are hereby **OVERRULED**;

---

[5] The Court also notes that Gloria Suarez, an employee at the laundromat proffered that she was unable to identify anyone in the Courtroom besides Verdugo who was at the laundromat.  Trial Transcript [DE 16-2] at 297-98.  It was an issue for the jury to determine the credibility of the witnesses.  Duran v. Walker, 223 Fed. Appx. 865, 873 (11th Cir. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).

[6] Petitioner's contention that his co-defendant Wrisper was acquitted because Mr. Rodriguez did not identify him is speculative.  See Objections at 22.  It also does not follow that because Wrisper was acquitted that Petitioner would also have been acquitted without Mr. Rodriguez's identification of Petitioner.

7

3.  Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is hereby **DENIED**;

4.  The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

5.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty because Petitioner has failed to make a substantial showing that he was denied a constitutional right. The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of August, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.